**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------X

MARIO GOMEZ,

PLAINTIFF,

**07 CIV. 9310**

-against-

COMPLAINT

BRIEANT

VILLAGE OF SLEEPY HOLLOW, DETECTIVE
JOSE QUINOY in his individual and official
capacity, POLICE OFFICER ELDRYK EBEL
in his individual and official capacity,
POLICE OFFICER MIKE GASKER in his individual
and official capacity, POLICE OFFICER
RICHARD D'ALLESANDRO in his individual and
official capacity, LIEUTENANT BARRY
CAMPBELL in his individual and official
capacity, LIEUTENANT GABRIEL HAYES in his
individual and official capacity, SERGEANT
WOOD in his individual and official capacity,
CHIEF OF POLICE JIMMY WARREN in his
individual and official capacity, and POLICE
OFFICERS JOHN DOES 1-4,

DEFENDANTS.

------------------------------------------X

Plaintiff, MARIO GOMEZ, by his attorneys, YOUNG &

BARTLETT, LLP, as and for his complaint against the

Defendants, respectfully sets forth:

INTRODUCTION AND GENERAL ALLEGATIONS

1.    This is an action for money damages against the

Defendants VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY,

POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER,

POLICE OFFICER RICHARD D'ALLESANDRO, LIEUTENANT BARRY

CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, CHIEF OF

POLICE JIMMY WARREN, and POLICE OFFICERS JOHN DOES 1-4, for

committing acts under color of law, and depriving Plaintiff

of rights secured by the Constitution and laws of the United

States and the State of New York.

2.    Upon information and belief, Defendants VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY, POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER, POLICE OFFICER RICHARD D'ALLESANDRO, LIEUTENANT BARRY CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, and CHIEF OF POLICE JIMMY WARREN, POLICE OFFICERS JOHN DOES 1-4, used excessive and unnecessary force by such acts as assaulting and intentionally pushing and throwing Plaintiff to the ground, thereby causing physical harm, pain and suffering, all in violation of his constitutional and civil rights.

3.    Upon information and belief, Defendants VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY, POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER, POLICE OFFICER RICHARD D'ALLESANDRO, LIEUTENANT BARRY CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, CHIEF OF POLICE JIMMY WARREN, and POLICE OFFICERS JOHN DOES 1-4, unlawfully arrested Plaintiff without probable cause, thereby causing physical and psychological harm, pain and suffering, all in violation of his constitutional and civil rights.


4.    Upon information and belief, Defendant VILLAGE OF SLEEPY HOLLOW failed to properly investigate, supervise and discipline the actions of Defendant OFFICERS before, during and after the assault and battery of MARIO GOMEZ.

5.    Upon information and belief, Defendant VILLAGE OF

SLEEPY HOLLOW was negligent in training, hiring and supervising Defendant OFFICERS, thus leading to the unjustified arrest and excessive force.

6. Upon information and belief, Defendant OFFICERS had knowledge that their wrongful conduct had the tacit authorization of the VILLAGE OF SLEEPY HOLLOW, upon accosting MARIO GOMEZ, who was peaceably at the Village of Sleepy Hollow Police Department. Shockingly, and without provocation, reason, probable cause or any indication that Plaintiff was a threat to his own safety or the safety of others, said Defendant OFFICERS proceeded to use unnecessary force, and negligently, purposefully, intentionally, maliciously and violently assaulted MARIO GOMEZ, causing grave injuries to MARIO GOMEZ, which resulted in pain and suffering and the deprivation of his rights.

7. Plaintiff alleges that Defendants falsely arrested MARIO GOMEZ without probable cause, assaulted, negligently assaulted, battered, and used excessive and unnecessary force against MARIO GOMEZ, and negligently and intentionally restrained MARIO GOMEZ, all in violation of his civil and constitutional rights and with great endangerment toward Plaintiff's mental, emotional and physical well-being.

8. The Plaintiff further alleges that the Defendant VILLAGE OF SLEEPY HOLLOW had a duty to train, supervise and discipline police officers, including the Defendant OFFICERS, and was negligent in failing to properly hire,

supervise and discipline the Defendant OFFICERS for their
unlawful actions as described above.

JURISDICTION AND VENUE

9.    This action is brought pursuant to 42 U.S.C.
§ 1983 and § 1985, and the First, Fourth, Fifth and
Fourteenth Amendments to the United States Constitution.
Jurisdiction is founded upon 28 U.S.C. §1331 and §1343(3)
and (4) and the aforementioned statutory and constitutional
provisions.  Plaintiff further invokes the pendent
jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to
hear and decide any and all claims arising under state law.

10.    Venue for this action is the Southern District of
New York based on Plaintiff's residence and the place where
the actions complained of herein occurred.

PARTIES

11.    During all times mentioned in this complaint,
Plaintiff MARIO GOMEZ was a resident of the United States
residing in the State of New York and the VILLAGE OF SLEEPY
HOLLOW.

12.    The Defendant VILLAGE OF SLEEPY HOLLOW
(hereinafter ``VILLAGE'') is  duly constituted municipal
corporation having a place of business in Westchester
County, New York, duly organized, governed and existing
under and by virtue of the laws of the state of New York.

13.    The Defendant VILLAGE is and was the employer of the named police personnel.

14.    During all times the Defendants DETECTIVE JOSE QUINOY (hereinafter QUINOY), POLICE OFFICER ELDRYK EBEL (hereinafter EBEL), POLICE OFFICER MIKE GASKER (hereinafter GASKER), POLICE OFFICER RICHARD D'ALLESANDRO (hereinafter D'ALLESANDRO), LIEUTENANT BARRY CAMPBELL (hereinafter CAMPBELL), LIEUTENANT GABRIEL HAYES (hereinafter HAYES), SERGEANT WOOD (hereinafter WOOD), CHIEF OF POLICE JIMMY WARREN (hereinafter WARREN), and POLICE OFFICERS JOHN DOES 1-4(hereinafter JOHN DOE) (hereinafter OFFICERS collectively), were and still are police officers in the

police department, an agency of the Defendant VILLAGE, and at all times were acting in their official capacity and were employed by the Defendant VILLAGE, acting under the direction of Defendant VILLAGE.

15.    Each of the individual OFFICERS were and are police officers employed by Defendant VILLAGE and are each sued herein in their individual and official capacities.

16.    During all times mentioned in this complaint, said Defendants, and each of them, were acting individually and/or collectively under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Westchester.

17.    During all times mentioned in this complaint, the Defendants, separately and in concert, engaged in acts and

omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

18. Each of the Defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff. However, each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became a party to the injuries inflicted upon the Plaintiff, and acted in concert with the others to harm Plaintiff.

<u>STATEMENT OF FACTS</u>

19. On or about October 17, 2006, The Defendants acting in concern did violently and without cause assault, beat, hit, kick, taser and shock the Plaintiff MARIO GOMEZ.

20. While the Defendants were beating the Plaintiff, his wife attempted to have other officers intervene and she was they refused.

21. As a result of the foregoing, the Plaintiff sustained very serious and permanent personal injuries, and was required to seek medical attention.

22. The Defendants actions were so violent and outrageous that the Tarrytown Police Department needed to intervene.

23. That the Defendants initially refused to permit emergency medical services give medical care and initially refused to permit the Plaintiff to go to the hospital to seek care for his injuries.

24. The above actions were done in reckless disregard of the Plaintiff's health and safety.

25. Thereafter, the Defendants caused charges and criminal charges to falsely be filed against the Plaintiff.

26. The Plaintiff has been put to the expense of seeking legal representation to defend the false accusations of the Defendants.

27. All of the above not only contributed to physical injuries, but to psychological and emotional injuries as well.

28. Plaintiff was admitted to the hospital for medical treatment for his injuries.

29. There was no legally justifiable basis for the illegal, unlawful, negligent, and careless detention of the Plaintiff.

30. On December 28, 2006, Plaintiff filed and served a Notice of Claim with the Defendant VILLAGE OF SLEEPY HOLLOW.

31. The VILLAGE OF SLEEPY HOLLOW conducted a 50-H hearing at which the Plaintiff gave testimony pursuant to the General Municipal Law.

32. More than thirty days have passed and the Defendants have not adjusted this claim.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 - EXCESSIVE USE OF FORCE

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as though fully set forth herein.

33. The Plaintiff, MARIO GOMEZ'S rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, in that Plaintiff MARIO GOMEZ was subjected to excessive and unreasonable force by Defendants who assaulted the Plaintiff.

34. The concerted actions caused and resulted in the use of excessive force against the Plaintiff MARIO GOMEZ by Defendants, including, but not limited to, Defendant OFFICERS, constituted unreasonable and excessive force by a police officer as well as abuse of process. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions but failed to prevent same and breached their duty.

35. The failure of each and every Defendant OFFICER to intervene in the actions of other Defendant OFFICERS contributed to the needless escalation of force against

MARIO GOMEZ and was part and parcel of the ongoing damage done to same.

36.    As a consequence of Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom, was seriously physically injured, was subjected to great fear and terror and personal humiliation and degradation, and suffered severe physical pain and impairment, as well as mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant OFFICERS and the other Defendants.

37.    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

AS AND FOR A SECOND CAUSE OF ACTION
False Arrest

38.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-37 of this complaint with the same force and effect as if fully set forth herein.

39.    Defendants' concerted actions, under color of law, caused plaintiff to be falsely arrested in violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

40.    As a result of the above, Plaintiff, MARIO GOMEZ, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution and applicable Federal and New York State Statutes.

41.    As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

42.    As a result of the above, Plaintiff MARIO GOMEZ has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
False Imprisonment

43.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-42 of this complaint with the same force and effect as if fully set forth herein.

44.    Defendants' concerted actions, under color of law, caused plaintiff to be falsely imprisoned in violation of his civil rights under the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

45.    As a result of the above, Plaintiff, MARIO GOMEZ, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution and applicable Federal Statutes.

46.    As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

47.    As a result of the above, Plaintiff MARIO GOMEZ has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
Malicious Prosecution

48.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-47 of this complaint with the same force and effect as if fully set forth herein.

49.    Defendants' concerted actions, under color of law, caused plaintiff to be maliciously prosecuted in violation

of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

50.    As a result of the above, Plaintiff, MARIO GOMEZ, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution and applicable Federal Statutes.

51.    As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

52.    As a result of the above, Plaintiff MARIO GOMEZ has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

### AS AND FOR A FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Violations

53.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in 1 through 52 of this complaint with the same force and effect as though fully set forth herein.

54.    Prior to October 17, 2006 and since, the VILLAGE
has permitted and tolerated a pattern and practice of
unjustified, unreasonable and illegal uses of force and
beatings against civilians by police officers of its police
department and illegal arrests by police officers of its
police department.  Although such beatings and illegal uses
of force were improper, the officers involved were not
prosecuted, disciplined or subjected to restraint, and such
incidents were in fact covered up with official claims that
the beatings and uses of force were justified and proper.
As a result, police officers of the VILLAGE were caused and
encouraged to believe that civilian persons could be beaten
or abused under the circumstances not requiring the use of
excessive force, and that such beating would in fact be
permitted by the VILLAGE.

55.    In addition to permitting a pattern and practice
of improper beatings and abuses of civilian persons, the
VILLAGE has failed to maintain a proper system for
investigation of all incidents of unjustified beatings and
excessive use of force by police officers.

56.    The VILLAGE has maintained a system of review of
unjustified beatings, excessive use of force, and illegal
arrests by police officers that has failed to identify the
improper brutality by police officers and failed to subject
officers who beat and/or brutalized citizens to discipline,
closer supervision or restraint and who illegally arrested
citizens, to the extent that it has become the custom of the

VILLAGE to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

57.    Upon information and belief, specific flaws in the VILLAGE brutality review process include, but are not limited to, the following:

a.    Preparing reports regarding investigations of beatings and excessive force claims as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b.    Police officers investigations of beatings and other excessive force claims systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.    Police officers investigating beatings/excessive force claims fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.    Supervisory police officers at times issue public statements exonerating police officers for excessive use of force and improper beating and use of unnecessary and excessive force before the investigation of the

incident by the police department has been completed;

e.    Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

58.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendant VILLAGE caused police officers of its police department to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers would most likely use excessive force in situations where such force is neither necessary nor reasonable.

59.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendant VILLAGE, Defendant OFFICERS unjustifiably struck and arrested Plaintiff, MARIO GOMEZ, all in violation of his civil and constitutional rights and as a result of said acts Plaintiff has suffered from physical injury, psychological harm, mental distress, humiliation, embarrassment, fear and being prevented from attending his usual duties.

60.    By permitting and assisting such a pattern of police misconduct, the VILLAGE has acted under color of custom and policy to condone, encourage and promote the

deprivation of MARIO GOMEZ's rights as guaranteed under 42
U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth
and Fourteenth Amendments of the U.S. Constitution; to wit,
the Defendant OFFICERS were encouraged by the VILLAGE to
believe that their actions against the Plaintiff would be
accepted without impunity, just as these actions have been
so accepted to date.

61.    As a consequence of Defendants' systemic practice,
pattern and custom of intentionally promoting and supporting
Officers' violations of 42 U.S.C. §§ 1983 and 1985, MARIO
GOMEZ was deprived of his freedom and physically harmed, to
the extent of which he suffered from various injuries that
required medical attention.

62.    As a proximate cause of the VILLAGE's custom and
policy of supporting and effectively promoting the very same
police abuses which occurred against MARIO GOMEZ, said
Plaintiff was further subjected to great fear, personal
humiliation and degradation, with wanton disregard for the
serious harm and damage done to the physical and emotional
well being of the Plaintiff.

63.    The Defendant OFFICERS and VILLAGE had a duty
under 42 U.S.C. §§1983 and 1985, as well as under the
Fourth, Fifth and Fourteenth Amendment, New York State Law,
and their own rules and regulations to prevent and cease the
assault on Plaintiff, as well as a duty to investigate,
supervise and discipline Defendant OFFICERS and prevent
other wrongful acts that were committed against Plaintiff

MARIO GOMEZ. Defendant OFFICERS breached said duty, by their actions and omissions as described in the preceding paragraphs.

64. That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

AS AND FOR A SIXTH CAUSE OF ACTION
42 U.S.C. § 1985

65. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein.

66. Defendant OFFICERS and Defendant VILLAGE conspired to deprive MARIO GOMEZ of his rights and jointly caused deprivation of such rights by acting in concert to unlawfully assault and falsely arrest the Plaintiff as described in paragraphs 19 through 31 of the complaint.

67. Upon information and belief, Defendant OFFICERS knowingly acted in concert with one another to assault and injure MARIO GOMEZ and to falsely arrest MARIO GOMEZ.

68. Each and every Defendant OFFICER had complicity in the physical acts perpetrated upon the person of MARIO GOMEZ and further failed to intervene in order to prevent injury.

69. Defendant OFFICERS, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, and each of the Defendants separately

and in concert acted willfully, knowingly, and purposefully with the specific intent to deny Plaintiff his constitutional rights and therefore conspired to harm Plaintiff.

70.    Said actions by Defendant OFFICERS further denied the Plaintiff his due process and denied him the equal protection under the law.  These rights are guaranteed to Plaintiff by U.S.C. §§ 1983 and 1985, and the Fifth and Fourteenth Amendments to the United States Constitution.

71.    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

### AS AND FOR A SEVENTH CAUSE OF ACTION

72.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 71 of this complaint with the same force and effect as though fully set forth herein.

73.    Defendants' concerted actions were grossly negligent, recklessly indifferent and shocking to the conscience in their purposeful and intentional violation of the defendant's duty of care towards Plaintiff under the laws of the State of New York.

74.    As a result of the above, Plaintiff, MARIO GOMEZ, suffered damage to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal

liberty as protected by the United States Constitution, applicable Federal statutes, and laws of the State of New York.

75. That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

WHEREFORE, Plaintiff demands judgment against Defendants:

a.    On the All Causes of Action in an amount to be determined by the trier of fact;

b.    Award attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. §1988; and

c.    Award such other and further relief as this Court may deem appropriate.

A JURY TRIAL IS HEREBY DEMANDED

Dated: October 10, 2007
       White Plains, New York

Yours, etc.

YOUNG & BARTLETT, LLP

By: _____
Francis X. Young, Esq. (8205)
Attorneys for Plaintiff
81 Main Street, Suite 118
White Plains, New York 10601
(914) 285-1500

J. MICHAEL McMAHON

CLERK OF COURT

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV

June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at **www.nysd.uscourts.gov** Please follow the instructions below.

**ECF Judges:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan * | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*   **ECF Wave 1 Judge,** assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*  **ECF Wave 2 Judge,** assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* **ECF Wave 3 Judge,** assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)   Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)   *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

   **(a) The assigned Judge's Individual Rules**
   **(b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)**
   **(c) USDC/SDNY Procedures for Electronic Case Filing**
   **(d) USDC/SDNY Guidelines for Electronic Case Filing.**

(3)   <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

   **(a)** For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

   **case_openings@nysd.uscourts.gov**

   **(b)** For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

   **wpclerk@nysd.uscourts.gov**

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

    (a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
    (b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, must be filed electronically on the ECF system at **ecf.nysd.uscourts.gov**. Electronic filing involves using your ECF password to docket the item directly into the ECF system. Electronic filing is not the same as email to the Clerk. Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

    (a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

        **appeals@nysd.uscourts.gov**

    (b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

        **wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

    **(a)** SDNY Procedures for Electronic Case Filing        **(d)** Local Rules of this Court, and
    **(b)** SDNY Guidelines for Electronic Case Filing     **(e)** Federal Rules of Civil Procedure
    **(c)** Individual Rules of the Assigned Judge

## ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓    Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

✓    Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓    Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓    Electronically file documents in ECF cases over the Internet at **ecf.nysd.uscourts.gov**

✓    Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓    The **ECF Help Desk** is available to answer your ECF questions from 8:30 AM to 7:00 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at **help_desk@nysd.uscourts.gov**

## WWW.NYSD.USCOURTS.GOV

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

(a)  The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours,  in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

(b)  Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

(c)  Electronic filing procedures shall not apply to Social Security Cases.

(d)  The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

(a)  Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b) If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c) Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d) In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e) An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3. Consequences of Electronic Filing

(a) Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

 (c)  Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

 (d)  Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

 (a)  All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

 (b)  A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

 Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

 Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

 Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

### 8. Signatures

(a)  The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b)  No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c)  A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d)  Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

### 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case.  It remains the duty of the attorney for a party to review regularly the docket sheet of the case.  Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

### 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). **It remains the duty of the attorney for a party to review regularly the docket sheet of the case.** The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

**11. Technical Failures**

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

**12. Public Access**

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

## Guidelines for Electronic Case Filing

**Frequently Asked Questions about Electronic Case Filing**

Click on a frequently asked question to find an answer.

Show All  Hide All

What is the web address for the SDNY ECF system?

> The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

Should I use Netscape Navigator or Internet Explorer to use ECF?

> Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

Is there a limit to the size of a document that can be filed on ECF?

> Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

Can I file documents that originate on paper and are then scanned to create a pdf file?

> Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

Who can file documents on ECF?

> Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at http://www1.nysd.uscourts.gov/ecf_registration.php

Can an attorney admitted Pro Hac Vice file documents electronically?

> Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at http://www1.nysd.uscourts.gov/ecf_registration.php

**Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at http://www1.nysd.uscourts.gov/ecf_registration.php

To obtain a PACER password go to **http://ecf.nysd.uscourts.gov** If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

**For cases assigned to a Manhattan Judge:** orders_and_judgments@nysd.uscourts.gov
**For cases assigned to a White Plains Judge:** wpclerk@nysd.uscourts.gov

How do I file a default judgment?

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

**For cases assigned to a Manhattan Judge:** orders_and_judgments@nysd.uscourts.gov
**For cases assigned to a White Plains Judge:** wpclerk@nysd.uscourts.gov

How do I submit a letter?

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

Will sealed documents be filed electronically?

No. Sealed documents will be filed in the traditional manner, in paper form.

How do I file a Notice of Appeal?

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

**For cases assigned to a Manhattan Judge:** appeals@nysd.uscourts.gov
**For cases assigned to a White Plains Judge:** wpclerk@nysd.uscourts.gov

**Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.**

Which is the "original" document, the paper or the ECF version?

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

Must I keep paper originals of documents I electronically file?

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

Should I continue to submit courtesy copies?

Counsel are directed to follow the individual Judge's Rules regarding the submission of courtesy copies to chambers. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules)

When an attorney leaves a firm, how do we change the attorney's ECF Registration information?

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

Will there be an ECF Help Desk?

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:00 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to help_desk@nysd.uscourts.gov

How can I stay up to date with future ECF news and developments?

By registering to be a Point of Contact (POC) at http://www1.nysd.uscourts.gov/ecf_poc.php, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC.

How can I learn how to use ECF?

On this Court's website you will find a link to "ECF Training", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users.

**500 Pearl Street, New York, New York 10007-1312 • 300 Quarropas Street, White Plains, New York 10601-4150**