**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARIO GOMEZ,                                                )
                                                            )
        Plaintiff,                                          )          Civil Action No.
                                                            )
        vs.                                                 )
                                                            )          SUMMONS
VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY )
in his individual and official capacity, POLICE             )
OFFICER ELDRYK EBEL in his individual and                   )
official capacity, POLICE OFFICER MIKE GASKER               )
in his individual and official capacity, POLICE             )
OFFICER RICHARD D'ALLESANDRO in his individual              )
and official capacity, LIEUTENANT BARRY CAMPBELL)
in his individual and official capacity,                    )
LIEUTENANT GABRIEL HAYES in his individual and              )
official capacity, SERGEANT WOOD in his                     )
individual and official capacity, CHIEF OF                  )
POLICE JIMMY WARREN in his individual and                   )
official capacity, and POLICE OFFICERS JOHN                  )
DOES 1-4,                                                   )
                                                            )
        Defendants.                                         )
                                                            )

# 07 CIV. 9310

# BRIEANT

TO THE ABOVE NAMED DEFENDANTS: VILLAGE OF SLEEPY HOLLOW, DETECTIVE
JOSE QUINOY, POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER,
POLICE OFFICER RICHARD D'ALLESANDRO, LIEUTENANT BARRY CAMPBELL,
LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, CHIEF OF POLICE JIMMY WARREN,
POLICE OFFICERS JOHN DOES 1-4:

YOU ARE HEREBY summoned and required to serve upon YOUNG & BARTLETT,
LLP, whose address is 81 Main Street, Suite 118, White Plains, New
York 10601, an answer to the complaint which is herewith served upon
you, within 20 days (60 days if the Defendant is the U.S., officer, or
agency of the U.S.) after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

# J. MICHAEL McMAHON
Clerk of the Court

Seal of the U.S. District Court

Date: _____OCT 1 7 2007_____          _____
                                                  Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Federal Rules of
Civil Procedure.)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MARIO GOMEZ,

PLAINTIFF,

-against-                                                    COMPLAINT

VILLAGE OF SLEEPY HOLLOW, DETECTIVE
JOSE QUINOY in his individual and official
capacity, POLICE OFFICER ELDRYK EBEL
in his individual and official capacity,
POLICE OFFICER MIKE GASKER in his individual
and official capacity, POLICE OFFICER
RICHARD D'ALLESANDRO in his individual and
official capacity, LIEUTENANT BARRY
CAMPBELL in his individual and official
capacity, LIEUTENANT GABRIEL HAYES in his
individual and official capacity, SERGEANT
WOOD in his individual and official capacity,
CHIEF OF POLICE JIMMY WARREN in his
individual and official capacity, and POLICE
OFFICERS JOHN DOES 1-4,

DEFENDANTS.

------------------------------------------X

Plaintiff, MARIO GOMEZ, by his attorneys, YOUNG &
BARTLETT, LLP, as and for his complaint against the
Defendants, respectfully sets forth:

## INTRODUCTION AND GENERAL ALLEGATIONS

1.    This is an action for money damages against the
Defendants VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY,
POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER,
POLICE OFFICER RICHARD D'ALLESANDRO, LIEUTENANT BARRY
CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, CHIEF OF
POLICE JIMMY WARREN, and POLICE OFFICERS JOHN DOES 1-4, for
committing acts under color of law, and depriving Plaintiff
of rights secured by the Constitution and laws of the United
States and the State of New York.

2.    Upon information and belief, Defendants VILLAGE
OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY, POLICE OFFICER
ELDRYK EBEL, POLICE OFFICER MIKE GASKER, POLICE OFFICER
RICHARD D'ALLESANDRO, LIEUTENANT BARRY CAMPBELL, LIEUTENANT
GABRIEL HAYES, SERGEANT WOOD, and CHIEF OF POLICE JIMMY
WARREN, POLICE OFFICERS JOHN DOES 1-4, used excessive and
unnecessary force by such acts as assaulting and
intentionally pushing and throwing Plaintiff to the ground,
thereby causing physical harm, pain and suffering, all in
violation of his constitutional and civil rights.

3.    Upon information and belief, Defendants VILLAGE
OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY, POLICE OFFICER
ELDRYK EBEL, POLICE OFFICER MIKE GASKER, POLICE OFFICER
RICHARD D'ALLESANDRO, LIEUTENANT BARRY CAMPBELL, LIEUTENANT
GABRIEL HAYES, SERGEANT WOOD, CHIEF OF POLICE JIMMY WARREN,
and POLICE OFFICERS JOHN DOES 1-4, unlawfully arrested
Plaintiff without probable cause, thereby causing physical
and psychological harm, pain and suffering, all in violation
of his constitutional and civil rights.

4.    Upon information and belief, Defendant VILLAGE OF
SLEEPY HOLLOW failed to properly investigate, supervise and
discipline the actions of Defendant OFFICERS before, during
and after the assault and battery of MARIO GOMEZ.

5.    Upon information and belief, Defendant VILLAGE OF

SLEEPY HOLLOW was negligent in training, hiring and
supervising Defendant OFFICERS, thus leading to the
unjustified arrest and excessive force.

     6.   Upon information and belief, Defendant OFFICERS
had knowledge that their wrongful conduct had the tacit
authorization of the VILLAGE OF SLEEPY HOLLOW, upon
accosting MARIO GOMEZ, who was peaceably at the Village of
Sleepy Hollow Police Department. Shockingly, and without
provocation, reason, probable cause or any indication that
Plaintiff was a threat to his own safety or the safety of
others, said Defendant OFFICERS proceeded to use unnecessary
force, and negligently, purposefully, intentionally,
maliciously and violently assaulted MARIO GOMEZ, causing
grave injuries to MARIO GOMEZ, which resulted in pain and
suffering and the deprivation of his rights.

     7.   Plaintiff alleges that Defendants falsely arrested
MARIO GOMEZ without probable cause, assaulted, negligently
assaulted, battered, and used excessive and unnecessary
force against MARIO GOMEZ, and negligently and intentionally
restrained MARIO GOMEZ, all in violation of his civil and
constitutional rights and with great endangerment toward
Plaintiff's mental, emotional and physical well-being.

     8.   The Plaintiff further alleges that the Defendant
VILLAGE OF SLEEPY HOLLOW had a duty to train, supervise and
discipline police officers, including the Defendant
OFFICERS, and was negligent in failing to properly hire,

supervise and discipline the Defendant OFFICERS for their
unlawful actions as described above.

### JURISDICTION AND VENUE

9.    This action is brought pursuant to 42 U.S.C.
§ 1983 and § 1985, and the First, Fourth, Fifth and
Fourteenth Amendments to the United States Constitution.
Jurisdiction is founded upon 28 U.S.C. §1331 and §1343(3)
and (4) and the aforementioned statutory and constitutional
provisions.  Plaintiff further invokes the pendent
jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to
hear and decide any and all claims arising under state law.

10.    Venue for this action is the Southern District of
New York based on Plaintiff's residence and the place where
the actions complained of herein occurred.

### PARTIES

11.    During all times mentioned in this complaint,
Plaintiff MARIO GOMEZ was a resident of the United States
residing in the State of New York and the VILLAGE OF SLEEPY
HOLLOW.

12.    The Defendant VILLAGE OF SLEEPY HOLLOW
(hereinafter ``VILLAGE'') is  duly constituted municipal
corporation having a place of business in Westchester
County, New York, duly organized, governed and existing
under and by virtue of the laws of the state of New York.

13.   The Defendant VILLAGE is and was the employer of the named police personnel.

14.   During all times the Defendants DETECTIVE JOSE QUINOY (hereinafter QUINOY), POLICE OFFICER ELDRYK EBEL (hereinafter EBEL), POLICE OFFICER MIKE GASKER (hereinafter GASKER), POLICE OFFICER RICHARD D'ALLESANDRO (hereinafter D'ALLESANDRO), LIEUTENANT BARRY CAMPBELL (hereinafter CAMPBELL), LIEUTENANT GABRIEL HAYES (hereinafter HAYES), SERGEANT WOOD (hereinafter WOOD), CHIEF OF POLICE JIMMY WARREN (hereinafter WARREN), and POLICE OFFICERS JOHN DOES 1-4 (hereinafter JOHN DOE) (hereinafter OFFICERS collectively), were and still are police officers in the

police department, an agency of the Defendant VILLAGE, and at all times were acting in their official capacity and were employed by the Defendant VILLAGE, acting under the direction of Defendant VILLAGE.

15.   Each of the individual OFFICERS were and are police officers employed by Defendant VILLAGE and are each sued herein in their individual and official capacities.

16. During all times mentioned in this complaint, said Defendants, and each of them, were acting individually and/or collectively under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Westchester.

17.   During all times mentioned in this complaint, the Defendants, separately and in concert, engaged in acts and

omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

18.    Each of the Defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff.  However, each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became a party to the injuries inflicted upon the Plaintiff, and acted in concert with the others to harm Plaintiff.

### STATEMENT OF FACTS

19.    On or about October 17, 2006, The Defendants acting in concern did violently and without cause assault, beat, hit, kick, taser and shock the Plaintiff MARIO GOMEZ.

20.    While the Defendants were beating the Plaintiff, his wife attempted to have other officers intervene and she was they refused.

21.    As a result of the foregoing, the Plaintiff sustained very serious and permanent personal injuries, and was required to seek medical attention.

22. The Defendants actions were so violent and outrageous that the Tarrytown Police Department needed to intervene.

23. That the Defendants initially refused to permit emergency medical services give medical care and initially refused to permit the Plaintiff to go to the hospital to seek care for his injuries.

24. The above actions were done in reckless disregard of the Plaintiff's health and safety.

25. Thereafter, the Defendants caused charges and criminal charges to falsely be filed against the Plaintiff.

26. The Plaintiff has been put to the expense of seeking legal representation to defend the false accusations of the Defendants.

27. All of the above not only contributed to physical injuries, but to psychological and emotional injuries as well.

28. Plaintiff was admitted to the hospital for medical treatment for his injuries.

29. There was no legally justifiable basis for the illegal, unlawful, negligent, and careless detention of the Plaintiff.

30. On December 28, 2006, Plaintiff filed and served a Notice of Claim with the Defendant VILLAGE OF SLEEPY HOLLOW.

31. The VILLAGE OF SLEEPY HOLLOW conducted a 50-H hearing at which the Plaintiff gave testimony pursuant to the General Municipal Law.

32.  More than thirty days have passed and the Defendants have not adjusted this claim.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 - EXCESSIVE USE OF FORCE

32.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as though fully set forth herein.

33.  The Plaintiff, MARIO GOMEZ'S rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, in that Plaintiff MARIO GOMEZ was subjected to excessive and unreasonable force by Defendants who assaulted the Plaintiff.

34.  The concerted actions caused and resulted in the use of excessive force against the Plaintiff MARIO GOMEZ by Defendants, including, but not limited to, Defendant OFFICERS, constituted unreasonable and excessive force by a police officer as well as abuse of process.  Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions but failed to prevent same and breached their duty.

35.  The failure of each and every Defendant OFFICER to intervene in the actions of other Defendant OFFICERS contributed to the needless escalation of force against

MARIO GOMEZ and was part and parcel of the ongoing damage done to same.

36.    As a consequence of Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom, was seriously physically injured, was subjected to great fear and terror and personal humiliation and degradation, and suffered severe physical pain and impairment, as well as mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant OFFICERS and the other Defendants.

37.    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

### AS AND FOR A SECOND CAUSE OF ACTION
#### False Arrest

38.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-37 of this complaint with the same force and effect as if fully set forth herein.

39.    Defendants' concerted actions, under color of law, caused plaintiff to be falsely arrested in violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

40.    As a result of the above, Plaintiff, MARIO GOMEZ,
suffered damages to his reputation, incurred legal fees,
suffered mental and emotional trauma, lost his enjoyment of
life and was deprived of his civil rights and personal
liberty as protected by the United States Constitution and
applicable Federal and New York State Statutes.

41.    As a direct and proximate result of the foregoing
actions, said Defendants deprived Plaintiff of rights,
privileges and immunities secured by the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution in
violation of 42 U.S.C. §1983.

42.    As a result of the above, Plaintiff MARIO GOMEZ
has been damaged in amounts exceeding the jurisdictional
limits of all lower courts which would otherwise have
jurisdiction of this claim together with such punitive
damages, costs and fees as may be deemed just and proper by
the Court.

### AS AND FOR A THIRD CAUSE OF ACTION
False Imprisonment

43.    The Plaintiff repeats, reiterates and realleges
each and every allegation contained in paragraphs 1-42 of
this complaint with the same force and effect as if fully
set forth herein.

44.    Defendants' concerted actions, under color of law,
caused plaintiff to be falsely imprisoned in violation of
his civil rights under the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, 42 U.S.C. §
1983 and the Laws of the State of New York.

45.   As a result of the above, Plaintiff, MARIO GOMEZ,
suffered damages to his reputation, incurred legal fees,
suffered mental and emotional trauma, lost his enjoyment of
life and was deprived of his civil rights and personal
liberty as protected by the United States Constitution and
applicable Federal Statutes.

46.   As a direct and proximate result of the foregoing
actions, said Defendants deprived Plaintiff of rights,
privileges and immunities secured by the Fourth, Fifth and
Fourteenth Amendments to the United States Constitution in
violation of 42 U.S.C. §1983.

47.   As a result of the above, Plaintiff MARIO GOMEZ
has been damaged in amounts exceeding the jurisdictional
limits of all lower courts which would otherwise have
jurisdiction of this claim together with such punitive
damages, costs and fees as may be deemed just and proper by
the Court.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Malicious Prosecution

48.   The Plaintiff repeats, reiterates and realleges
each and every allegation contained in paragraphs 1-47 of
this complaint with the same force and effect as if fully
set forth herein.

49.   Defendants' concerted actions, under color of law,
caused plaintiff to be maliciously prosecuted in violation

of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

50.    As a result of the above, Plaintiff, MARIO GOMEZ, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution and applicable Federal Statutes.

51.    As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

52.    As a result of the above, Plaintiff MARIO GOMEZ has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

<div align="center">

AS AND FOR A FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Violations

</div>

53.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in 1 through 52 of this complaint with the same force and effect as though fully set forth herein.

54.    Prior to October 17, 2006 and since, the VILLAGE
has permitted and tolerated a pattern and practice of
unjustified, unreasonable and illegal uses of force and
beatings against civilians by police officers of its police
department and illegal arrests by police officers of its
police department.  Although such beatings and illegal uses
of force were improper, the officers involved were not
prosecuted, disciplined or subjected to restraint, and such
incidents were in fact covered up with official claims that
the beatings and uses of force were justified and proper.
As a result, police officers of the VILLAGE were caused and
encouraged to believe that civilian persons could be beaten
or abused under the circumstances not requiring the use of
excessive force, and that such beating would in fact be
permitted by the VILLAGE.

55.    In addition to permitting a pattern and practice
of improper beatings and abuses of civilian persons, the
VILLAGE has failed to maintain a proper system for
investigation of all incidents of unjustified beatings and
excessive use of force by police officers.

56.    The VILLAGE has maintained a system of review of
unjustified beatings, excessive use of force, and illegal
arrests by police officers that has failed to identify the
improper brutality by police officers and failed to subject
officers who beat and/or brutalized citizens to discipline,
closer supervision or restraint and who illegally arrested
citizens, to the extent that it has become the custom of the

VILLAGE to tolerate the improper beatings, illegal arrests
and other wrongful actions by police officers.

57. Upon information and belief, specific flaws in the
VILLAGE brutality review process include, but are not
limited to, the following:

    a. Preparing reports regarding investigations of
beatings and excessive force claims as
routine point-by-point justifications of the
police officer's actions, regardless of
whether such actions are justified;

    b. Police officers investigations of beatings
and other excessive force claims
systematically fail to credit testimony by
non-police officer witnesses, and
uncritically rely on reports by police
officers involved in the incident;

    c. Police officers investigating
beatings/excessive force claims fail to
include in their reports relevant factual
information which would tend to contradict
the statements of the police officers
involved;

    d. Supervisory police officers at times issue
public statements exonerating police officers
for excessive use of force and improper
beating and use of unnecessary and excessive
force before the investigation of the

incident by the police department has been
completed;

e.   Reports in brutality cases are not reviewed
for accuracy by supervisory officers.
Conclusions are frequently permitted to be
drawn on the basis of clearly incorrect or
contradictory information.

58.   The foregoing acts, omissions, systemic flaws,
policies and customs of the Defendant VILLAGE caused police
officers of its police department to believe that brutality
and other improper actions would not be aggressively,
honestly and properly investigated, with the foreseeable
result that officers would most likely use excessive force
in situations where such force is neither necessary nor
reasonable.

59.   As a direct and proximate result of the aforesaid
acts, omissions, systemic flaws, policies, practices and
customs of the Defendant VILLAGE, Defendant OFFICERS
unjustifiably struck and arrested Plaintiff, MARIO GOMEZ,
all in violation of his civil and constitutional rights and
as a result of said acts Plaintiff has suffered from
physical injury, psychological harm, mental distress,
humiliation, embarrassment, fear and being prevented from
attending his usual duties.

60.   By permitting and assisting such a pattern of
police misconduct, the VILLAGE has acted under color of
custom and policy to condone, encourage and promote the

deprivation of MARIO GOMEZ's rights as guaranteed under 42
U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth
and Fourteenth Amendments of the U.S. Constitution; to wit,
the Defendant OFFICERS were encouraged by the VILLAGE to
believe that their actions against the Plaintiff would be
accepted without impunity, just as these actions have been
so accepted to date.

61.    As a consequence of Defendants' systemic practice,
pattern and custom of intentionally promoting and supporting
Officers' violations of 42 U.S.C. §§ 1983 and 1985, MARIO
GOMEZ was deprived of his freedom and physically harmed, to
the extent of which he suffered from various injuries that
required medical attention.

62.    As a proximate cause of the VILLAGE's custom and
policy of supporting and effectively promoting the very same
police abuses which occurred against MARIO GOMEZ, said
Plaintiff was further subjected to great fear, personal
humiliation and degradation, with wanton disregard for the
serious harm and damage done to the physical and emotional
well being of the Plaintiff.

63.    The Defendant OFFICERS and VILLAGE had a duty
under 42 U.S.C. §§1983 and 1985, as well as under the
Fourth, Fifth and Fourteenth Amendment, New York State Law,
and their own rules and regulations to prevent and cease the
assault on Plaintiff, as well as a duty to investigate,
supervise and discipline Defendant OFFICERS and prevent
other wrongful acts that were committed against Plaintiff

MARIO GOMEZ. Defendant OFFICERS breached said duty, by their actions and omissions as described in the preceding paragraphs.

64.   That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

### AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C. § 1985

65.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 64 of this complaint with the same force and effect as though fully set forth herein.

66.   Defendant OFFICERS and Defendant VILLAGE conspired to deprive MARIO GOMEZ of his rights and jointly caused deprivation of such rights by acting in concert to unlawfully assault and falsely arrest the Plaintiff as described in paragraphs 19 through 31 of the complaint.

67.   Upon information and belief, Defendant OFFICERS knowingly acted in concert with one another to assault and injure MARIO GOMEZ and to falsely arrest MARIO GOMEZ.

68..   Each and every Defendant OFFICER had complicity in the physical acts perpetrated upon the person of MARIO GOMEZ and further failed to intervene in order to prevent injury.

69.   Defendant OFFICERS, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, and each of the Defendants separately

and in concert acted willfully, knowingly, and purposefully
with the specific intent to deny Plaintiff his
constitutional rights and therefore conspired to harm
Plaintiff.

70.   Said actions by Defendant OFFICERS further denied
the Plaintiff his due process and denied him the equal
protection under the law.  These rights are guaranteed to
Plaintiff by U.S.C. §§ 1983 and 1985, and the Fifth and
Fourteenth Amendments to the United States Constitution.

71.   That by reason of the foregoing, Plaintiff has
been damaged in amounts exceeding the jurisdictional limits
of all lower courts which would otherwise have jurisdiction
of this claim.

### AS AND FOR A SEVENTH CAUSE OF ACTION

72.   The Plaintiff repeats, reiterates and realleges
each and every allegation contained in paragraphs 1 through
71 of this complaint with the same force and effect as
though fully set forth herein.

73.   Defendants' concerted actions were grossly
negligent, recklessly indifferent and shocking to the
conscience in their purposeful and intentional violation of
the defendant's duty of care towards Plaintiff under the
laws of the State of New York.

74.   As a result of the above, Plaintiff, MARIO GOMEZ,
suffered damage to his reputation, incurred legal fees,
suffered mental and emotional trauma, lost his enjoyment of
life and was deprived of his civil rights and personal

liberty as protected by the United States Constitution, applicable Federal statutes, and laws of the State of New York.

75.    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

WHEREFORE, Plaintiff demands judgment against Defendants:

a.    On the All Causes of Action in an amount to be determined by the trier of fact;

b.    Award attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. §1988; and

c.    Award such other and further relief as this Court may deem appropriate.

<u>A JURY TRIAL IS HEREBY DEMANDED</u>

Dated: October 10, 2007
       White Plains, New York

Yours, etc.

YOUNG & BARTLETT, LLP

By: _____
Francis X. Young, Esq. (8205)
Attorneys for Plaintiff
81 Main Street, Suite 118
White Plains, New York 10601
(914) 285-1500

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MARIO GOMEZ

                                        Plaintiff,                    **ANSWER**

            -against-                                        07 CIV. 9310 (CLB)(GAY)

VILLAGE OF SLEEPY HOLLOW, DETECTIVE
JOSE QUINOY in his individual and official
capacity, POLICE OFFICER ELDRYK EBEL in
his individual and official capacity, POLICE
OFFICER MIKE GASKER in his individual and
official capacity, POLICE OFFICER RICHARD
D'ALLESANDRO in his individual and official
capacity, LIEUTENANT BARRY CAMPBELL in
his individual and official capacity, LIEUTENANT
GABRIEL HAYES in his individual and official
capacity, SERGEANT WOOD in his individual and
official capacity, CHIEF OF POLICE JIMMY
WARREN in his individual and official capacity,
and POLICE OFFICERS JOHN DOES 1 – 4,

                                        Defendants.
-------------------------------------------------------------------x

        Defendants, VILLAGE OF SLEEPY HOLLOW, DETECTIVE JOSE QUINOY in his

individual and official capacity, POLICE OFFICER ELDRYK EBEL in his individual and

official capacity, POLICE OFFICER MIKE GASKER in his individual and official capacity,

POLICE OFFICER RICHARD D'ALLESANDRO in his individual and official capacity,

LIEUTENANT BARRY CAMPBELL in his individual and official capacity, LIEUTENANT

GABRIEL HAYES in his individual and official capacity, SERGEANT WOOD in his

individual and official capacity, CHIEF OF POLICE JIMMY WARREN in his individual and

official capacity, and POLICE OFFICERS JOHN DOES 1 – 4, by their attorneys, MIRANDA

SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answering the plaintiff's

Complaint, sets forth, upon information and belief, the following:

## INTRODUCTION AND GENERAL ALLEGATIONS

1.   Deny each and every allegation contained in paragraph "1" of the complaint.

2.   Deny each and every allegation contained in paragraph "2" of the complaint.

3.   Deny each and every allegation contained in paragraph "3" of the complaint.

4.   Deny each and every allegation contained in paragraph "4" of the complaint.

5.   Deny each and every allegation contained in paragraph "5" of the complaint.

6.   Deny each and every allegation contained in paragraph "6" of the complaint.

7.   Deny each and every allegation contained in paragraph "7" of the complaint.

8.   Deny each and every allegation contained in paragraph "8" of the complaint.

## JURISDICTION AND VENUE

9.   Deny each and every allegation contained in paragraph "9" of the complaint and respectfully refer all questions of law to the Court for adjudication.

10.   Deny each and every allegation contained in paragraph "10" of the complaint and respectfully refer all questions of law to the Court for adjudication.

## PARTIES

11.   Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12.   Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in "12" paragraph of the complaint.

13.   Deny each and every allegation contained in paragraph "13" of the complaint.

14.   Deny each and every allegation contained in paragraph "14" of the complaint.

2

15.    Deny each and every allegation contained in paragraph "15" of the complaint.

16.    Deny each and every allegation contained in paragraph "16" of the complaint.

17.    Deny each and every allegation contained in paragraph "17" of the complaint.

18.    Deny each and every allegation contained in paragraph "18" of the complaint.

## STATEMENT OF FACTS

19.    Deny each and every allegation contained in paragraph "19" of the complaint.

20.    Deny each and every allegation contained in paragraph "20" of the complaint.

21.    Deny each and every allegation contained in paragraph "21" of the complaint.

22.    Deny each and every allegation contained in paragraph "22" of the complaint.

23.    Deny each and every allegation contained in paragraph "23" of the complaint.

24.    Deny each and every allegation contained in paragraph "24" of the complaint.

25.    Deny each and every allegation contained in paragraph "25" of the complaint.

26.    Deny each and every allegation contained in paragraph "26" of the complaint.

27.    Deny each and every allegation contained in paragraph "27" of the complaint.

28.    Deny each and every allegation contained in paragraph "28" of the complaint.

29.    Deny each and every allegation contained in paragraph "29" of the complaint.

30.    Deny each and every allegation contained in paragraph "30" of the complaint
and respectfully refer all questions of law to the Court for adjudication.

31.    Deny each and every allegation contained in paragraph "31" of the complaint
and respectfully refer all questions of law to the Court for adjudication.

3

32.   Deny each and every allegation contained in paragraph "32" of the complaint and respectfully refer all questions of law to the Court for adjudication.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

33.   As and for a response to the second paragraph "32" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "32" of this answer with the same force and effect as if fully set forth at length herein.

34.   Deny each and every allegation contained in paragraph "33" of the complaint.

35.   Deny each and every allegation contained in paragraph "34" of the complaint.

36.   Deny each and every allegation contained in paragraph "35" of the complaint.

37.   Deny each and every allegation contained in paragraph "36" of the complaint.

38.   Deny each and every allegation contained in paragraph "37" of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### False Arrest

39.   As and for a response to paragraph "38" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "37" of this answer with the same force and effect as if fully set forth at length herein.

40.   Deny each and every allegation contained in paragraph "39" of the complaint.

41.   Deny each and every allegation contained in paragraph "40" of the complaint.

42.   Deny each and every allegation contained in paragraph "41" of the complaint.

43.   Deny each and every allegation contained in paragraph "42" of the complaint

4

## AS AND FOR A THIRD CAUSE OF ACTION
### False Imprisonment

44.    As and for a response to paragraph "43" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "42" of this answer with the same force and effect as if fully set forth at length herein.

45.    Deny each and every allegation contained in paragraph "44" of the complaint.

46.    Deny each and every allegation contained in paragraph "45" of the complaint.

47.    Deny each and every allegation contained in paragraph "46" of the complaint.

48.    Deny each and every allegation contained in paragraph "47" of the complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Malicious Prosecution

49.    As and for a response to paragraph "48" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "47" of this answer with the same force and effect as if fully set forth at length herein.

50.    Deny each and every allegation contained in paragraph "49" of the complaint.

51.    Deny each and every allegation contained in paragraph "50" of the complaint.

52.    Deny each and every allegation contained in paragraph "51" of the complaint.

53.    Deny each and every allegation contained in paragraph "52" of the complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - Municipal Violations

54.     As and for a response to paragraph "53" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "52" of this answer with the same force and effect as if fully set forth at length herein.

55.     Deny each and every allegation contained in paragraph "54" of the complaint.

56.     Deny each and every allegation contained in paragraph "55" of the complaint.

57.     Deny each and every allegation contained in paragraph "56" of the complaint

58.     Deny each and every allegation contained in paragraph "57" of the complaint, including all of its subparts.

59.     Deny each and every allegation contained in paragraph "58" of the complaint

60.     Deny each and every allegation contained in paragraph "59" of the complaint.

61.     Deny each and every allegation contained in paragraph "60" of the complaint.

62.     Deny each and every allegation contained in paragraph "61" of the complaint.

63.     Deny each and every allegation contained in paragraph "62" of the complaint.

64.     Deny each and every allegation contained in paragraph "63" of the complaint.

65.     Deny each and every allegation contained in paragraph "64" of the complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C. § 1985

66.     As and for a response to paragraph "65" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1"

6

through "64" of this answer with the same force and effect as if fully set forth at length herein.

67.    Deny each and every allegation contained in paragraph "66" of the complaint.

68.    Deny each and every allegation contained in paragraph "67" of the complaint.

69.    Deny each and every allegation contained in paragraph "68" of the complaint.

70.    Deny each and every allegation contained in paragraph "69" of the complaint.

71.    Deny each and every allegation contained in paragraph "70" of the complaint.

72.    Deny each and every allegation contained in paragraph "71" of the complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

73.    As and for a response to paragraph "72" of plaintiff's complaint, defendants repeat and reallege each and every allegation contained in paragraphs "1" through "71" of this answer with the same force and effect as if fully set forth at length herein.

74.    Deny each and every allegation contained in paragraph "73" of the complaint.

75.    Deny each and every allegation contained in paragraph "74" of the complaint.

76.    Deny each and every allegation contained in paragraph "75" of the complaint.

## AFFIRMATIVE DEFENSES:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

78.    At all times relevant to the acts alleged in the complaint, defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

79.    There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

80.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

81.    That the individual defendants are entitled to qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

82.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

83.    No policy, practice, or procedure of the Village of Sleepy Hollow deprived plaintiff of any constitutional rights.

8

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all

relief requested therein, together with such other and further relief as the Court deems just and

proper.

Dated: Mineola, New York
       December 5, 2007

<div style="margin-left:40%">

MIRANDA  SOKOLOFF  SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendants
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 07-157

By: _____
    Michael A. Miranda (MAM-6413)
    Jennifer E. Sherven  (JS-4195)

</div>

TO:    YOUNG & BARTLETT, LLP
       81 Main Street
       Suite 118
       White Plains, NY 10601
       (914) 285-1500

<center>9</center>

**Exhibit C**