UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIO GOMEZ

                                Plaintiff,          07 Civ. 9310 (CS)(GAY)

    -against-

VILLAGE OF SLEEPY HOLLOW, DETECTIVE
JOSE QUINOY in his individual and official
capacity, POLICE OFFICER ELDRYK EBEL in
his individual and official capacity, POLICE
OFFICER MIKE GASKER in his individual and
official capacity, POLICE OFFICER RICHARD
D'ALLESANDRO in his individual and official
capacity, LIEUTENANT BARRY CAMPBELL in
his individual and official capacity, LIEUTENANT
GABRIEL HAYES in his individual and official
capacity, SERGEANT WOOD in his individual and
official capacity, CHIEF OF POLICE JIMMY
WARREN in his individual and official capacity,
and POLICE OFFICERS JOHN DOES 1 – 4,

                                Defendants.
----------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW

                                MIRANDA SOKOLOFF SAMBURSKY
                                SLONE VERVENIOTIS LLP
                                Attorneys for Defendants
                                240 Mineola Boulevard
                                Mineola, New York 11501
                                (516) 741-7676
                                Our File No.: 07-157

Of Counsel:
    BRIAN S. SOKOLOFF
    ADAM I. KLEINBERG

## **PRELIMINARY STATEMENT**

The individual defendants, DETECTIVE JOSE QUINOY, POLICE OFFICER ELDRYK EBEL, POLICE OFFICER MIKE GASKER, POLICE OFFICER RICHARD D'ALLESANDRO, LIEUTENANT BARRY CAMPBELL, LIEUTENANT GABRIEL HAYES, SERGEANT WOOD, CHIEF OF POLICE JIMMY WARREN, and POLICE OFFICERS JOHN DOES 1 – 4[1] submit this Reply Memorandum of Law in further support of their motion to dismiss this action based on the doctrine of qualified immunity.

Defendants incorporate hereto all of the evidence submitted in support of the original motions in the companion cases Mario Gomez v. Village of Sleepy Hollow, et al., 07 CIV 9310 and Awilda Gomez v. Village of Sleepy Hollow, et al., 07 CIV 9296. Plaintiffs' opposition papers in these companion cases assert that they each adopt all arguments set forth by plaintiff's counsel in the companion case. (See plaintiff Mario Gomez' Memorandum of Law at p. 2 and plaintiff Awilda Gomez' Memorandum of law at p. 1).

Plaintiff Mario Gomez' opposition provides as follows "plaintiff does not oppose the part of defendants' application that addresses the conduct of Sergeant Hood, incorrectly named in the caption has Sergeant Wood." (See plaintiff Mario Gomez' Memorandum of Law at p. 2). Thus, Sergeant Hood should be dismissed from both the Mario Gomez and the Awilda Gomez cases. Furthermore, for the reasons stated herein, and in defendants' moving papers, the remaining individual defendants are entitled to dismissal pursuant to the doctrine of qualified immunity.

---

[1] Although the caption names the John Doe defendants, they have never been identified or served.

## ARGUMENT

## POINT I

### DETECTIVE QUINOY, OFFICER GASKER, OFFICER EBEL AND OFFICER D'ALLESANDRO ARE PROTECTED BY QUALIFIED IMMUNITY.

Plaintiffs' opposition wholly ignores the applicable standard cited in defendants' moving papers requiring plaintiffs to provide specific evidence of improper motivation such as "expressions by the officials involved regarding their state of mind, circumstances suggesting in a substantial fashion that the plaintiff has been singled out, or the highly unusual nature of the actions taken." See Blue v. Koren, 72 F.3d 1075, 1084 (2d Cir. 1995); Davis v. Carey, 63 F.Supp.2d 361, 373 (S.D.N.Y.1999). The Second Circuit in Blue v. Koren unequivocally held that "where a public official's conduct is objectively reasonable, a conclusory proffer of an unconstitutional motive should not defeat a qualified immunity motion." See Blue, 72 F.3d 1075, 1084 (2d Cir. 1995). If not the qualified immunity defense would be left "hollow." Id.

As fully set forth in defendants' moving papers, plaintiffs' own allegations and version of the relevant events fail to meet this standard.

Plaintiffs' opposition fails to address Crowder v. [Spring] Valley Police Department, 05 Civ. 8429 (CM)(LMS) (annexed to Sherven Declaration as Exhibit D) and Draper v. Reynolds, 369 F.3d 1270, 1278 (11th Cir. 2004), cert. denied by 543 U.S. 988, 125 S.Ct. 507 (2004) where in courts have found that, where a taser gun is used to effectuate an arrest, and the use is reasonable in proportion to the uncertainty of the situation, the use of a taser does not constitute excessive force. In Crowder, Judge McMahon, on a qualified immunity motion, held that the use of a taser was reasonable given the volatile situation and that it was reasonable to believe that

plaintiff posed an immediate threat to the safety of others where plaintiff had raised fists. (See Exh. D).

Likewise, in the case at bar, the use of a taser gun was reasonable given that plaintiff admittedly punched Detective Quinoy in the head or eye and was struggling and wrestling with him. (See Exh. C at p. 60).

In addition, this motion is not an all-or-nothing proposition. Each individual defendant's claim for qualified immunity dismissal is entitled to distinct consideration.

Plaintiffs' papers do not set forth in evidentiary form what Officer Gasker did to justify his being sued here. Plaintiffs conclusorily claim that Officers Gasker and Allesandro failed to intervene to protect them. O'Neill v. Krzeminski, 839 F.2d 9, 11 (2nd Cir. 1988) is apt. There, while the Second Circuit laid out an affirmative duty by police officers to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers, the court found for a defendant officer was not liable because plaintiff did not demonstrate that his failure to intercede was the cause of a beating:

> Even when the evidence is viewed in the light most favorable to the plaintiff, there is insufficient evidence to permit a jury reasonably to conclude that Conners' failure to intercede was a proximate cause of the beating. The three blows were struck in such rapid succession that Conners had no realistic opportunity to attempt to prevent them. This was not an episode of sufficient duration to support a conclusion that an officer who stood by without trying to assist the victim became a tacit collaborator.

Plaintiffs have not demonstrated in evidentiary form that Gasker, Allesandro, or Lt. Hayes became tacit collaborators in any injury to plaintiff (to the extent that any force used on plaintiffs was not justified under the circumstances). See Jean-Laurent v. Wilkerson, 438

F.Supp.2d 318, 327 (S.D.N.Y. 2006)("Fowler and Colds are alleged to have observed only the first assault, where Jean-Laurent says Wilkerson stood him to his feet by his collar and then slammed him against the wall. Even if those actions by Wilkerson amount to a constitutional violation, as a matter of law, Colds and Fowler did not have a reasonable opportunity to intervene in such a rapid series of events.").

Accordingly, we respectfully submit that dismissal of the claims against defendants is warranted as a matter of law.

## POINT II

### CHIEF WARREN, LT. HAYES, AND LT. CAMPBELL ARE PROTECTED BY QUALIFIED IMMUNITY.

It is undisputed by plaintiffs that Chief Warren, Lt. Hayes, and Lt. Campbell were not present during the arrest of plaintiff Mario Gomez. (See plaintiff Mario Gomez' Memorandum of Law at p. 1-2). Accordingly, Chief Warren, Lt. Hayes, and Lt. Campbell had neither the duty nor the ability to intercede. O'Neill v. Krzeminski, 839 F.2d 9, 11 (2nd Cir. 1988).

Plaintiffs attempt to create liability another way, through rumor and scandal.

First, they claim, "The facts also indicate [sic] that Warren started intervening on Detective Quinoy's behalf after Detective Quinoy aided Warren in concealing a domestic dispute that occurred between Chief Warren and his girlfriend behind Sleepy Hollow High School." See Gomez Opposition Memo of Law, p. 22. Asked for the source of this story, Mario Gomez testified "I was given this information by friends," but, when he was pressed for the source, he testified, "I heard that from around town, actually, you know." See Mario Gomez Deposition, p. 155.[2]

First they claim that, "[Mario] Gomez's deposition establishes that Chief Warren was aware that Detective Quinoy was emotionally and mentally unstable and prone to violent fits of rage on the job." See Mario Gomez Opposition Memo of Law, p. 21.

One incident involves alleged sexual harassment of a woman – now deceased – that Mr. Gomez learned via hearsay from "one of the guys" in the neighborhood, i.e., not in evidentiary

---

[2] The complete Mario Gomez deposition is annexed as Exhibit "A" to Mario Gomez's opposition papers.

form. See Gomez deposition, p. 162. Another incident is a claimed false arrest, the hearsay source of which Gomez could not identify. See id., p 166.[3]

Plaintiffs' counsel tells this Court that Chief Warren "convinced a woman to drop charges against Detective Quinoy's wife after Detective Quinoy's wife and a group of her friends assaulted the woman." See Mario Gomez Opposition Memo of Law, p. 21. Of course, counsel's brief fails to point the Court to testimony from Mario Gomez in which he admits that he has no evidence of this besides a "suspicion": "I don't have anything to confirm on that, but it couldn't have be [sic] anybody else except him, because you know I'm trying to put two and two together here. You know, with everything that's related to Detective Quinoy." See Gomez Deposition, p. 189.

Counsel points to an alleged incident where Quinoy put a gun to his wife's head and made a complaint to Chief Warren. Mario Gomez was asked for his source of this allegation: "From people on the streets. I mean you got a lot of people that talking, you know, people on the streets." See Gomez Deposition, p. 191. Rumor and hearsay are inadmissible, or course. After he testified under oath that Chief Warren swept the matter under the rug, Mario Gomez conceded, "I don't have any evidence factual evidence, written papers." See id., p. 192.

Counsel points to an incident involving an unlicensed barber. First, counsel had to spoon feed the information to plaintiff under the excuse that plaintiff has "memory issues." See Mario Gomez Deposition, p. 198. Second, Mario Gomez testified that the incident was about a year before his 2008 deposition, i.e., in 2007 (after the subject incident). Third, the source of this information, according to Mario Gomez was, "Because my friends told me." See id., p. 201. Mario Gomez could not name a single friend. See id.

---

[3] In fact, in his deposition, Mr. Gomez was so confused about the source of information about prior Quinoy incidents that his own counsel had to interject to clarify that a name given by Mr. Gomez had nothing to do with prior Quinoy incidents; she was an alleged eyewitness to his case. See id., p. 169.

Thus, the attempt to rope Chief Warren into this case is long on scandalous allegations and rumor and speculation, but it is bereft of admissible evidence.

The claim against Lt. Barry Campbell fares no better. In his deposition, Mario Gomez testified that "Lieutenant Campbell actually didn't do anything wrong," see Mario Gomez Deposition, p. 137, but counsel claims that an unnamed eyewitness advised Lt. Campbell that she saw Det. Quinoy kick Mario Gomez in the face that that he failed to investigate. See Mario Gomez Opposition Memo of Law, p. 23.

Plaintiffs do not give the evidentiary basis for this witness coming forward. If plaintiffs learned of this incident from the witness who came forward, they could have submitted an affidavit from this witness, but they haven't. More likely, though, such information comes from non-evidentiary rumor and hearsay, and should be given no credence on this motion.

In short, plaintiffs have done nothing to defeat this qualified immunity motion on behalf of Chief Warren, Lt. Hayes, and Lt. Campbell.

## CONCLUSION

Based upon the foregoing, as well as the arguments set forth in defendants' moving papers, it is respectfully requested that this Court issue an Order, pursuant to Fed. R. Civ. P. 12(c), dismissing this action as against the individual defendants under the doctrine of qualified immunity and for such other and further relief as this Court deems just, proper and equitable.

Dated: Mineola, New York
       August 18, 2008

                                      MIRANDA SOKOLOFF SAMBURSKY
                                      SLONE VERVENIOTIS LLP
                                      Attorneys for Defendants
                                      240 Mineola Boulevard
                                      Mineola, New York 11501
                                      (516) 741-7676
                                      Our File No.: 07-157

                                      By: _____
                                         Brian S. Sokoloff (BSS-1017)
                                         Adam I. Kleinberg (AIK-0468)

TO:    YOUNG & BARTLETT, LLP
         Attorneys for Plaintiff
         MARIO GOMEZ
         81 Main Street
         Suite 118
         White Plains, NY 10601
         (914) 285-1500

         JOSEPH A. MARIA, P.C.
         Attorneys for Plaintiff
         AWILDA GOMEZ
         301 Old Tarrytown Road
         White Plains, New York 10603
         (914) 684-0333
         File No.: 01-2031